IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02066-BNB-KLM

CATTLCO, LLC, a Delaware corporation, d/b/a CATTLCO Fort Morgan,

Plaintiff,

v.

UNITED AG EXPORT CORP., a Montana corporation d/b/a UAE Corp.,

Defendant.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Reopen Case and Motion for Judgment** [Doc. # 30, filed 2/9/2009] (the "Motion to Reopen"), which is DENIED.

This matter was commenced by the filing of a complaint in the District Court of Morgan County, Colorado, asserting claims for breach of contract and fraud in connection with the defendant's alleged failure to deliver 5,633 tons of hay. It was removed to this court on October 3, 2007. On June 13, 2009, the parties filed their Joint Notice of Tentative Settlement and Motion to Vacate Settlement Conference [Doc. # 24], and on September 8, 2009, they filed a Stipulation for Dismissal With Prejudice. [Doc. # 27] (the "Motion to Dismiss"). Although captioned as a stipulation of dismissal, it was in fact a motion that states in its entirety:

> Plaintiff, Cattleco, LLC ("Cattleco"), and Defendant, United AG
> Export Corp. ("UAE"), by and through their respective counsel,
> hereby move this Court for an order of dismissal with prejudice.
> As grounds therefor, the parties state as follows:

> 1. Plaintiff has agreed to a compromise in settlement of all claims asserted or that could have asserted [sic] at hearing against Defendant.
>
> 2. Each party is to pay its own costs, expenses, and attorney's fees.
>
> **WHEREFORE**, the parties respectfully request that this Court dismiss Plaintiff's claims against Defendant with prejudice and without further action or motion by any party herein.

Motion to Dismiss [Doc. # 27] at p.1.

I dismissed the case with prejudice by an order dated September 8, 2009. [Doc. # 29.] The order of dismissal did not refer to the terms of the settlement (which had not been disclosed to me at that time) and states simply: "IT IS ORDERED that this action is dismissed with prejudice, each party to pay its own costs, expenses, and attorney's fees." Order [Doc. # 29].

The Motion to Reopen states that the case was settled upon the execution of a settlement agreement which called for payments over time to the plaintiff. Motion to Reopen at ¶3 and Exh.A. The defendant has defaulted on the payments due under the settlement agreement. As a result, the plaintiff seeks an order "allowing such case be reopened as provided for, and judgment enter for the Plaintiff . . . as provided for under the agreement and promissory note. . . ." Id. at Prayer. In this regard, the settlement agreement contains the following provision:

> UAE also agrees that upon Motion and <u>Affidavit of Defendant</u> the pending case may be reopened for the entry of a judgment in the amount of $106,070.00, less all monthly payments made by UAE.

Settlement Agreement [Doc. # 30-2] at ¶1.b. (emphasis added).[1]

---

[1] There is no Affidavit of <u>Defendant</u> filed with the Motion to Reopen. Instead, there is an affidavit by <u>plaintiff's</u> counsel purporting to establish default and damages.

2

The Supreme Court addressed the issue of enforcement of a settlement after dismissal of the underlying case in <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994). In <u>Kokkonen</u>, as here, the underlying action asserted breach of contract, and jurisdiction in the district court was founded on diversity of citizenship. <u>Id</u> at 376. The underlying action was dismissed upon settlement of the claim. There, as here, "[t]he Stipulation and Order [of dismissal] did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement." <u>Id</u>. at 377. Subsequently, the settlement agreement was breached, and a motion was filed in the district court to enforce the settlement. The Supreme Court found that the district court lacked jurisdiction to rule on the motion to enforce, holding:

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.
> \*   \*   \*
> Neither [Rule 41 governing dismissal of cases] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation [of dismissal]. It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis of dismissal.
> \*   \*   \*
> The short of the matter is this: The suit involves a claim for breach of a [settlement] contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant

> to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

Id. at 377-82 (internal quotations and citations omitted).

The Motion to Reopen fails to contain any allegations concerning the jurisdiction of this court and, consequently, the plaintiff has failed to establish jurisdiction to enforce the settlement. I assume, however, that because the parties were diverse when this action was initiated, that diversity continues and could establish jurisdiction to enforce the settlement contract. The same, of course, was true in Kokkonen. Consequently, there must be something more which drove the Supreme Court's decision there that jurisdiction was absent to enforce the settlement agreement.

The missing link here, as in Kokkonen, is the absence in the motion to dismiss and order of dismissal of either a statement that jurisdiction is retained to enforce the settlement or a statement in the dismissal order embodying the terms of the settlement. Under those circumstances, I understand Kokkonen to allow me to reopen a case, previously dismissed with prejudice, to enforce the settlement. Absent that, even if an independent basis for jurisdiction (such as diversity) exists, there is no procedural mechanism to reopen a case dismissed with prejudice to enforce the settlement. Instead, an independent action must be commenced

asserting a breach of the settlement contract, and an independent basis for jurisdiction in the enforcement action must be established. See, e.g., Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994); McKay v. United States, 207 Fed. Appx. 892 (10th Cir. 2006) (Unpublished). Rule 60(b)(6), Fed. R. Civ. P., may be available to reopen a case and to return the parties to the status quo prior to the settlement, 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2864 at pp.352-53, but it is not available to reopen the case to enforce a settlement agreement. Id. at n.6 (stating that "[e]nforcement of a settlement agreement, through damages or specific performance, is more than a continuation of the lawsuit and is not handled under Rule 60(b)(6)," citing Kokkonen).

In this case, although I was aware of the settlement between the parties, see Stipulation for Dismissal [Doc. # 27](reporting that a "compromise in settlement" had been reached), that is insufficient to confer jurisdiction to enforce the settlement in the original action. As the circuit court explained in McKay:

> Once a lawsuit is settled and dismissed, the district court does not generally have ancillary jurisdiction to enforce the parties' settlement agreement. A district court can, however, retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement. However, the judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

207 Fed.Appx. at 894 (internal quotations and citations omitted).

In the absence of anything in the order of dismissal showing an intent to retain jurisdiction or incorporating the settlement agreement, there is no basis upon which I may set aside my Order [Doc. # 29] dismissing this case with prejudice. For the plaintiff to enforce the parties' settlement contract, it must commence an independent action asserting its settlement

rights and establishing a basis for federal jurisdiction.

IT IS ORDERED that the Motion to Reopen is DENIED.

DATED April 10, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge